FILED

**August 3, 2016**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 9:20 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MURFREESBORO

| | |
|---|---|
| Jessica Felter,<br>      Employee,<br>v.<br>MMR Senior Alliance Group,<br>      Employer,<br>And<br>Norguard Ins. Co.,<br>      Carrier. | Docket No.: 2015-05-0193<br><br>State File No.: 16209-2016<br><br>Judge Robert Durham |

---

### EXPEDITED HEARING ORDER GRANTING BENEFITS
### (REVIEW OF THE FILE)

---

This matter came before the undersigned Workers' Compensation Judge upon the Joint Request for Expedited Hearing (REH) filed by the parties pursuant to Tennessee Code Annotated section 50-6-239 (2015). The central legal issue is whether Ms. Felter's slip and fall in the icy parking lot on the premises of a client's residence constitutes an injury arising primarily out of and in the course of her employment with MMR.

Pursuant to Rule 0800-02-21-.02(13) (2015) of the Tennessee Compilation Rules and Regulations, the parties requested the Court issue a ruling based on a review of the file without an evidentiary hearing following an unsuccessful mediation. On July 21, 2016, the Court sent a Docketing Notice to the parties regarding the contents of the record before it. (T.R. 4.) Neither party raised any objection to the documents contained in the record or offered any additional evidence.

Considering the positions of the parties, the applicable law, and all of the evidence submitted, the Court concludes it needs no further information to render judgment. The Court holds the evidence submitted by Ms. Felter is sufficient to establish she is likely to prevail at a hearing on the merits regarding the compensability of her alleged injury; thus, the Court grants her request for medical benefits.[1]

---

[1] Additional information regarding the technical record and exhibits is attached to this Order as an Appendix.

1

## History of Claim

In this matter, the parties submitted an "Agreed Statement of Undisputed Facts." (Ex. 1.)[2] Ms. Felter worked for MMR as a caregiver/home-health nurse from April 2015 until February 2016 at an average weekly wage of $341.18. Ms. Felter did not work at a central location, but travelled to her patients' residences, which could include a nursing home. MMR did not pay Ms. Felter to travel from her home to a patient's residence; however, it did pay her for travel time between patients.

On January 24, 2016, Ms. Felter agreed to substitute for another caregiver who had cancelled due to icy weather conditions. The job required her to travel from her home to NHC, a nursing home located in Murfreesboro, where she had just cared for the client the previous day.

Ms. Felter arrived at NHC at approximately 8:30 a.m. to begin a shift starting at 9:00 a.m. As she walked from the NHC parking lot, she slipped and fell on a patch of ice. Ms. Felter was taken by ambulance to the emergency room at St. Thomas Hospital, asserting injuries to her elbow, head, and shoulder. (Ex. 2.) Ms. Felter also claims to have injured her neck and wrist in the fall, although these injuries were not listed in the emergency room records and are disputed by MMR. On February 1, 2016, Ms. Felter resigned her position with MMR. On April 7, 2016, MMR filed a Notice of Denial asserting that Ms. Felter was not in the course and scope of employment when she fell.

## Findings of Fact and Conclusions of Law

The Court must interpret Workers' Compensation Law by basic principles of statutory construction, favoring neither the employee nor employer. Tenn. Code Ann. § 50-6-116 (2015). The employee in a workers' compensation claim has the burden of proof on all essential elements of a claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015).

Ms. Felter need not prove every element of her claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, she has the burden to come forward with sufficient evidence from which the trial court can determine she is likely to prevail at a hearing on the merits. *Id.; see also* Tenn. Code Ann. § 50-6-239(d)(1) (2015). This lesser evidentiary standard "does not relieve an employee of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, but allows some relief to be

---

[2] Unless specifically stated otherwise, the history in this matter is taken from the Agreed Statement.

granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.*, No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

In order to prevail, Ms. Felter must establish she suffered an accidental injury that was "caused by a specific incident, or set of incidents, arising primarily out of and in the course and scope of employment, and is identifiable by time and place of occurrence." Tenn. Code Ann. § 50-6-102(14)(A) (2015). In this instance, although it disputes its extent, MMR concedes Ms. Felter suffered an injury after falling in the parking lot at NHC. However, it is their position that the fall did not arise out of and in the course of her employment since she fell outside the building before clocking in to work.

In general, Workers' Compensation Law does not consider an injury that occurs while an employee is traveling to and from work to be in the course of employment. *Dugger v. Home Health Care of Middle Tennessee, LLC, et al.*, No. 2015-05-0341, 2016 TN Wrk. Comp. App. Bd. LEXIS 13, at *10 (Tenn. Workers' Comp. App. Bd. March 16, 2016). However, the Supreme Court has recognized certain exceptions to the "going and coming" rule:

> 1. The "special errand" exception, wherein the employee is injured while performing some special act for the employer;
>
> 2. The "traveling employee" exception, wherein travel is an "integral part" of the employee's job, as with traveling salesman, so that travel exposes the employee to greater risks than ordinary commuters; and,
>
> 3. Employees who travel in company vehicles or receive reimbursement for travel expenses going to and coming from work.

*Id.* at *11, 12.

In *Dugger,* the Board dealt with an employee whose situation was very similar to Ms. Felter's. The employee, a home health nurse who did not receive reimbursement for travel expenses, attempted to travel to a client's home in icy weather. Unable to reach her destination, she turned back toward home, only to wreck her car. *Id.* at *2. The Board found she was not a "traveling employee" or driving a "company vehicle," despite the fact that her job required her to drive regularly to clients' homes and further required to have and maintain insurance on a reliable source of transportation. *Id.* at *16, 17.

Thus, as in *Dugger*, the Court finds Ms. Felter was not a "traveling employee," in that she was traveling to care for a regular client within a defined area. Furthermore, she was not operating a vehicle provided or maintained by MMR in any way. As a result, the "traveling employee" or "company vehicle" exceptions do not apply in her case. *Id.*

3

Ms. Felter may have a stronger argument with regard to the "special errand" rule. She was not working her regular schedule and only agreed to drive to NHC because MMR asked her to do so, given the scheduled employee could not make it. However, in this instance, Ms. Felter was still driving to a residence to perform her regular work duties at a regular rate of pay for a long-standing client she had just worked with the previous day. As a result, the Court finds that, despite the fact that it was not part of her regular schedule, Ms. Felter was not on a "special errand" on January 24, 2016, sufficient to create an exception to the "going and coming" rule. *Id.* at *17.

While none of the exceptions cited in *Dugger* apply to Ms. Felter's situation, Workers' Compensation Law does recognize an additional exception. If an employee is injured on the premises of her employer, even though she is not working, the Supreme Court has long held it to be an injury that occurred in the course of employment, so long as it was reasonable for the employee to be there. *Lollar v. Wal-Mart Stores, Inc.*, 767 S.W.2d 143, 150 (Tenn. 1989.)[3] The *Lollar* Court extended this rule to include the parking lot within the definition of premises. *Id.*

The Supreme Court further extended the premises rule in *Copeland v. Leaf, Inc.*, 829 S.W.2d 140, 144 (Tenn. 1992). In *Copeland,* the employee was forced to cross a public thoroughfare after leaving work for the day to reach the non-contiguous employee-designated parking lot. As she did so, a passer-by knocked her down, causing her injury. *Id.* at 141. The *Copeland* Court held that, given it was the employer who created the need for the employee to cross a public thoroughfare, it would be "inconsistent and illogical" to allow coverage from the plant to the street, discontinue coverage while she crossed the street, and then reinstate coverage once she reached the parking lot. *Id.* at 147. As a result, the Court found the employee was in the course of employment at the time of the injury and awarded her benefits. *Id.* In so doing, the *Copeland* Court acknowledged it would have been easier to apply a strict interpretation of the *Lollar* rule, but feared doing so would "create arbitrary and illogical results." *Id.*

In this matter, the Court believes that finding Ms. Felter was not in the course of employment at the time of her accident would be the "arbitrary and illogical result" feared by the Supreme Court in *Copeland.* Ms. Felter's job duties with MMR required her to be on NHC's premises on the morning of January 24 in order to begin her shift at 9:00 a.m. The accident occurred at 8:30 a.m. in NHC's parking lot as Ms. Felter was making her way into the building. The Court holds it would be "inconsistent and

---

[3] The Tennessee Workers' Compensation Appeals Board allows reliance on precedent from the Tennessee Supreme Court "unless it is evident that the Supreme Court's decision or rationale relied on a remedial interpretation of pre-July 1, 2014 statutes, that it relied on specific statutory language no longer contained in the Workers' Compensation Law, and/or that it relied on an analysis that has since been addressed by the general assembly through statutory amendments." *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *13 n.4 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

illogical" to find that Ms. Felter was not entitled to workers' compensation benefits because she fell in the NHC parking lot when she would have unquestionably been entitled to benefits if the same accident had occurred in MMR's parking lot. *Id.* As a result, the Court holds Ms. Felter is likely to prevail at a hearing on the merits in establishing she sustained an injury arising primarily out of and in the course and scope of her employment on January 24, 2016.

With regard to Ms. Felter's emergency room treatment, MMR acknowledges Ms. Felter sustained injuries to her elbow, head, and shoulder due to her fall on the icy parking lot. (Ex. 1.) The medical records indicate Ms. Felter received emergent care for those injuries at St. Thomas Hospital. (Ex. 2.) As a result, the Court finds Ms. Felter is likely to prevail in a hearing on the merits with regard to the reasonableness and necessity of the care received at St. Thomas for her work-related injury, and MMR is obligated to pay for this care. MMR shall also provide a panel from which Ms. Felter may choose an authorized treating physician for any additional medical care she may require as a result of her work-related injury of January 24, 2016. Tenn. Code Ann. § 50-6-204(a)(1)(A) (2015). Any issues regarding temporary disability benefits are deferred at this time pending treatment with an authorized physician.

IT IS, THEREFORE, ORDERED that:

1. MMR shall pay the expenses incurred from the emergent care Ms. Felter received following her work-related injury on January 24, 2016, in accordance with Workers' Compensation Law.

2. MMR shall provide a panel of physicians in accordance with Workers' Compensation Law from which Ms. Felter may choose an authorized treating physician to provide reasonable and necessary medical care for her work-related injury of January 24, 2016.

3. This matter is set for Status Conference/Initial Hearing on September 6, 2016, at 9:00 a.m.

4. Unless interlocutory appeal of the Expedited Hearing Order is filed, compliance with this Order must occur no later than seven business days from the date of entry of this Order as required by Tennessee Code Annotated section 50-6-239(d)(3) (2015). The Insurer or Self-Insured Employer must submit confirmation of compliance with this Order to the Bureau by email to WCCompliance.Program@tn.gov no later than the seventh business day after entry of this Order. Failure to submit the necessary confirmation within the period of compliance may result in a penalty assessment for non-compliance. For questions regarding compliance, please contact the Workers' Compensation Compliance Unit

5

via email WCCompliance.Program@tn.gov or by calling (615) 253-1471.

**ENTERED THIS THE 3rd DAY OF AUGUST, 2016.**

Robert V. Durham, Judge
Court of Workers' Compensation Claims

**Status Conference/Initial Hearing:**

A Status Conference/Initial Hearing has been set with Judge Robert Durham, Court of Workers' Compensation Claims. You must call 615-253-0010 or toll-free at 855-689-9049 to participate in the Initial Hearing.

**Please Note:** You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation. All conferences are set using Central Time (CT).

Right to Appeal:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice

## APPENDIX

<u>Exhibits:</u>

1.  Agreed Statement of Undisputed Facts
2.  Medical records and bills from St. Thomas Hospital

<u>Technical Record:</u>

1.  Petition for Benefit Determination
2.  Dispute Certification Notice
3.  Request for Expedited Hearing
4.  MMR's position statement
5.  Docketing Notice

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order Granting Medical Benefits was sent to the following recipients by the following methods of service on this the 3rd day of August, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|---------------|---------|-----------|------------------|
| Zachary Wiley | | | X | zwiley@forthepeople.com |
| J. Allen Callison | | | X | acallison@chartwelllaw.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

8

of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.